[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15185
Non-Argument Calendar
_____

BIA No. A95-227-442

PAUL ANDRE ANTHONY WITBOOI,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(June 15, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Paul Andre Anthony Witbooi, a native and citizen of South Africa, petitions

this Court for review of the Board of Immigration Appeals's ("BIA") order, dismissing his appeal and affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). Witbooi claims that he is entitled to relief from removal because he has been persecuted in the past and will be persecuted in the future based on his race if returned to South Africa. The BIA found that Witbooi had suffered past persecution, thus raising the rebuttable presumption of future persecution, but then found that the presumption was rebutted by the fact that Witbooi could reasonably relocate within South Africa. Witbooi argues that the BIA erroneously found that he could relocate within South Africa and, therefore, the presumption of future persecution had not been rebutted, meaning that he is entitled to asylum. Witbooi further asserts that the BIA improperly shifted the burden to him to show that the presumption had not been rebutted.

## I. Asylum, Withholding of Removal, and CAT Relief

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we review the IJ's decision as well." Id. Here, the BIA issued its own decision, without any adoption. Therefore, we will review only the BIA's decision.

2

To the extent the BIA's decision was based on a legal determination, our review is de novo.  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).  Factual determinations, however, are reviewed under the substantial evidence test, and we "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al Najjar, 257 F.3d at 1283-84 (quotation omitted).  Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004); see also 8 U.S.C. § 1252(b)(4)(B).

An alien who arrives in, or is present in, the United States may apply for asylum.  See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).  The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee."  See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is defined as

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

3

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status." D-Muhumed, 388 F.3d at 818.

To establish asylum eligibility, the petitioner must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors, such as his race. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

If the petitioner demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. See 8 C.F.R § 208.13(b)(1). If the presumption of future persecution arises, it may be rebutted in one of two ways. Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1264 (11th Cir. 2004). The burden is on the government to show, by a preponderance of the evidence, either that (1) the circumstances in the home country have fundamentally changed to the extent that the petitioner need no longer fear persecution; or (2) the petitioner could avoid future persecution by relocating within the home country, and that it would be reasonable for the petitioner to do so. Id.; 8 C.F.R § 208.13(b)(1)(i) and (ii). A petitioner's claim that he cannot safely relocate in his home country to avoid future persecution is undermined by evidence that his

4

family remained without incident in the same region where the petitioner had allegedly been threatened. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

Neither the INA nor the regulations define "persecution." We have stated, however, that "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotation omitted).

According to 8 C.F.R. § 1208.13(b)(1)(iii), an IJ may grant an applicant humanitarian asylum on a discretionary basis if the applicant has demonstrated either (1) "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution"; or (2) "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii)(A), (B). The BIA has interpreted this form of relief to require an applicant to show "severe harm" and "long-lasting effects." See In re N-M-A, 22 I & N Dec. 312, 326 (BIA 1998). "The burden of proof is on the applicant for asylum to establish that he or she is a refugee," and "the testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 1208.13(a).

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that if returned to his country, his life or freedom

5

would be threatened on account of, <u>inter alia</u>, his race. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003). If an alien is unable to meet the well-founded fear standard for asylum, "he is generally precluded from qualifying for either asylum or withholding of [removal]." Al Najjar, 257 F.3d at 1292-93. Similarly, the burden on the alien seeking CAT relief is higher than the burden imposed on the asylum seeker, meaning the alien would be unable to receive CAT relief as well. <u>Id.</u> at 1303.

Here, the BIA found that Witbooi had suffered past persecution and, therefore, the rebuttable presumption of future persecution arose. To rebut this presumption, the government had the burden of showing that country conditions in South Africa had changed or that Witbooi could reasonably relocate within South Africa. Substantial evidence supports the BIA's finding that the presumption of future persecution was rebutted because relocation within South Africa was possible. First, Witbooi remained in South Africa for six years after he was persecuted without changing locations and without suffering any additional acts of persecution. Second, on one occasion, Witbooi was able to avoid further persecution by leaving an area when he felt threatened. Third, Witbooi's family remained in the same region where Witbooi was persecuted and did not experience

6

persecution. Therefore, substantial evidence supports the BIA's finding that Witbooi could relocate within South Africa and that the presumption of future persecution had been rebutted.[1]

Substantial evidence supports also the BIA's determination that Witbooi could not show a well-founded fear of future persecution because he did not show an objectively reasonable fear of future persecution. Witbooi stayed in South Africa for several years after he was persecuted without further incident, and his family has remained in South Africa and has not experienced any problems since Witbooi left the country. Therefore, substantial evidence supports the BIA's finding that Witbooi did not show a well-founded fear of future persecution.

Finally, Witbooi's claim is not so severe that he was entitled to humanitarian asylum based on past persecution alone. Witbooi was not significantly injured after his one incident of past persecution. Thus, this level of abuse is insufficient to support a grant of humanitarian asylum and, therefore, substantial evidence supports the BIA's denial of asylum. In addition, because Witbooi failed to meet the burden for asylum, he also failed to meet the burdens for withholding of removal and CAT relief.

## II. Burden Shifting

---

[1] Given that the possibility for relocation is sufficient to rebut the presumption of future persecution, and the BIA's finding that relocation was possible was supported by sufficient evidence, we will not address the issue of changed country conditions.

To rebut the presumption of future persecution, the government must show by a preponderance of the evidence either that relocation within the country of removal is possible or that conditions in the country of removal have changed so that the petitioner no longer needs to fear persecution. See Antipova, 392 F.3d at 1264; 8 C.F.R. § 208.13(b)(1)(i) and (ii). When discerning whether the government has met its burden, we may look at the entire record to determine whether enough evidence exists to the rebut the presumption. See Ruiz v. Gonzales, 479 F.3d 762, 767 (11th Cir. 2007) (looking at the entire record when determining whether evidence existed to rebut the presumption of future persecution).

Here, the record shows that the burden was not improperly shifted to Witbooi to prove that relocation was not an option or that country conditions had not changed. First, an ample amount of evidence existed in the record to show that relocation was possible. Second, the BIA did not state expressly that Witbooi had the burden to show that relocation was impossible or that country conditions had not changed. Third, the BIA specifically stated that it had looked at the evidence in the record to determine whether the presumption had been rebutted. Notably, the BIA did not state that it had considered whether Witbooi had presented evidence to support the presumption of future persecution. Therefore, the record supports the conclusion that the BIA did not improperly shift the burden of proof

to Witbooi when determining whether the presumption of future persecution had been rebutted.

After review of the record and the parties' briefs, we discern no error and determine that substantial evidence supports the BIA's decision dismissing Witbooi's appeal and affirming the IJ's denial of asylum, withholding of removal, and CAT relief. Accordingly, we deny the petition for review.

**PETITION DENIED.**